# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-01126-COA

**OLIVER ELLIS**                                                          **APPELLANT**

**v.**

**TURNER-JOHNSON DODGE, INC.**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/03/2022 |
| TRIAL JUDGE: | HON. ROBERT THOMAS BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RAYMOND PATRICK TULLOS |
| ATTORNEY FOR APPELLEE: | PAUL PACIFIC BLAKE |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 02/06/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., GREENLEE AND McCARTY, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Oliver Ellis appeals from the Lauderdale County Circuit Court's order compelling arbitration. After review, we affirm the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶2.     In November 2020, Oliver Ellis filed a complaint in the Smith County Circuit Court against Turner-Johnson Dodge, Inc. The complaint alleged that in June 2017, Ellis purchased a Chrysler 200 from Turner-Johnson Dodge, Inc. and financed the purchase with Total Finance, Inc. In January 2019, Ellis seemingly traded in the vehicle to purchase a Nissan Sentra from Turner-Johnson Dodge, Inc. According to Ellis, Turner-Johnson Dodge, Inc. assured him that the balance on the loan with Total Finance, Inc. for the Chrysler 200 would be paid for by Turner-Johnson Dodge, Inc. However, in July 2020, Total Finance, Inc.

initiated legal proceedings against Ellis for breach of contract and judicial foreclosure.

¶3.     After Ellis filed his complaint, Turner-Johnson Dodge, Inc. filed a motion to compel arbitration and to stay proceedings, to change venue, for a more definite statement, and to dismiss. Attached to the motion were two arbitration agreements that were executed between Ellis and Johnson Dodge-Chrysler-Jeep-Kia, Inc. in June 2017 and January 2019. The agreements provided, in relevant part:

> [I]n the event of any controversy, dispute, and/or difference of opinion arising out of or related in any manner to their contract, or arising out of related in any manner to any negotiations and/or representations made in connection with the sale of the motor vehicle and/or the execution of the contract, then such controversy and/or dispute shall be resolved through binding arbitration . . . .
>
> The buyer agrees that this arbitration agreement applies to all disputes regarding the representations, promises, undertakings, statements, agreements, and/or covenants made by the seller in connection with (1) the sale of the motor vehicle, (2) otherwise dealing with the motor vehicle and its sale in any way, (3) any form of financing in connection with the motor vehicle and its sale . . . , (5) the signing of this arbitration agreement and any other documents in connection with the motor vehicle and its sale, . . . and (8) any other matters related in any way to the motor vehicle and its sale.

¶4.     In response, Ellis argued that the arbitration agreements were signed by "Johnson Dodge-Chrysler-Jeep-Kia, Inc." and not "Turner-Johnson Dodge, Inc." Therefore, Ellis claimed that because Turner-Johnson Dodge, Inc. did not sign or agree to the terms of the arbitration agreement, a valid arbitration agreement did not exist between the parties. Additionally, Ellis claimed that the dispute was not within the scope of the arbitration agreement.

¶5.     In its reply, Turner-Johnson Dodge, Inc. provided documentation from the Mississippi

Secretary of State's Office showing that Johnson Dodge-Chrysler-Jeep-Kia, Inc. and Turner-Johnson Dodge, Inc. were the same entity. The documentation showed that Turner-Johnson Dodge, Inc. was the entity's legal name, and Johnson Dodge Chrysler Jeep Kia, Inc. was one of the entity's fictitious names.

¶6. In October 2021, venue was transferred to the Lauderdale County Circuit Court. Turner-Johnson Dodge, Inc. apparently refiled its motion to compel arbitration and to stay the proceedings, and Ellis filed a response. On October 3, 2022, the circuit court granted Turner-Johnson Dodge, Inc.'s motion, finding "[t]he parties entered into valid, binding arbitration agreements, and [the] dispute [was] within the scope of the agreements." Additionally, the circuit court found "no evidence of procedural or substantive unconscionability preventing arbitration." Thereafter, Ellis filed a notice of appeal.

## STANDARD OF REVIEW

¶7. This Court applies "a de novo standard of review to a trial court's decision to grant or deny a motion to compel arbitration." *Diversicare of Meridian LLC v. Shelton*, 334 So. 3d 487, 492-93 (¶15) (Miss. Ct. App. 2022) (citing *Hillhouse v. Chris Cook Constr. LLC*, 325 So. 3d 646, 649 (¶5) (Miss. 2021)). "Mississippi will 'liberally construe agreements with a presumption in favor of arbitration.'" *Jackson Mac Haik CDJR Ltd. v. Hester*, 291 So. 3d 333, 335-36 (¶7) (Miss. 2020) (quoting *Qualcomm Inc. v. Am. Wireless License Grp. LLC*, 980 So. 2d 261, 269 (¶15) (Miss. 2007)).

## DISCUSSION

3

¶8. We must decide whether the circuit court erred by granting the motion to compel arbitration. In its appellate brief, Turner-Johnson Dodge, Inc. argues that this Court should find that because Ellis did not provide proper citations to the record in his appellate brief, his arguments are procedurally barred. Mississippi Rule of Appellate Procedure 28(a)(7) "requires citations to authority and parts of the record relied on," and "the failure to provide proper citations may render an argument procedurally barred." *Smith v. Bellville*, 301 So. 3d 678, 682 (¶12) (Miss. Ct. App. 2020). Despite any procedural bar, we will address the merits of Ellis's appeal. "[A]ny statements that lack support in the record will be disregarded by this Court, as this Court 'will consider only those matters that actually appear in the record and does not rely on mere assertions in briefs.'" *Id*. (quoting *Touchstone v. Touchstone*, 682 So. 2d 374, 380 (Miss. 1996)).

¶9. In determining the validity of a motion to compel arbitration, courts generally consider "(1) whether the parties agreed to arbitrate, (2) whether the parties' dispute is within the scope of arbitration, and (3) whether any defenses to the validity of the contract exist that would bar arbitration." *Jackson*, 291 So. 3d at 336 (¶8) (citing *Rogers-Dabbs Chevrolet-Hummer Inc. v. Blakeney*, 950 So. 2d 170, 173 (¶12) (Miss. 2007)).

¶10. Ellis claims that Turner-Johnson Dodge, Inc. did not agree to arbitrate because the arbitration agreement was signed by Johnson Dodge-Chrysler-Jeep-Kia, Inc. However, in *Sawyers v. Herrin-Gear Chevrolet Co.*, 26 So. 3d 1026 (Miss. 2010), our supreme court affirmed a circuit court's order granting the defendant's motion to compel arbitration where

4

the plaintiff's allegations against Herrin-Gear Chevrolet Company, Inc. (a signatory) and American Bankers Insurance Company of Florida (a non-signatory) involved "substantially interdependent and concerted misconduct," and the defendants maintained "a close legal relationship, such as . . . an agency relationship." *Id*. at 1039 (¶¶33, 36). Our supreme court held:

> State law principles might provide for the arbitration of disputes between a non[-]signatory and a signatory to a contract, where there are allegations of substantially interdependent and concerted misconduct. A non-signatory should have standing to compel arbitration where the non-signatory has a close legal relationship, such as, alter ego, parent/subsidiary, or agency relationship, with a signatory to the agreement.

*Id*. at 1038 (¶32) (quoting *B.C. Rogers Poultry Inc. v. Wedgeworth*, 911 So. 2d 483, 491-92 (¶30) (Miss. 2005)).

¶11. Here, documentation showed that Turner-Johnson Dodge, Inc. and Johnson Dodge-Chrysler-Jeep-Kia, Inc. were the same entity. Although Ellis claims otherwise, no evidence in the record supports this contention. Rather, documentation from the Mississippi Secretary of State's Office showed that Johnson Dodge Chrysler Jeep Kia, Inc. was one of Turner-Johnson Dodge, Inc.'s fictitious business names.

¶12. Additionally, Ellis has not shown that the dispute falls outside the scope of the arbitration agreement. The dispute in this case concerns alleged "negotiations and/or representations made in connection with the sale of the motor vehicle." Furthermore, our supreme court has held that "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor [of] arbitration." *Harrison Cnty. Com. Lot LLC v. H. Gordon Myrick*

5

*Inc.*, 107 So. 3d 943, 956 (¶44) (Miss. 2013) (quoting *East Ford Inc. v. Taylor*, 826 So. 2d 709, 713 (¶11) (Miss. 2002)).

¶13.    Finally, when considering whether any defenses to arbitration exist, we note that the burden is on the party resisting arbitration.  *McIntosh Transport LLC v. Love's Travel Stops & Country Stores Inc.*, 339 So. 3d 141, 145 (¶7) (Miss. Ct. App. 2022).  Ellis suggests that the arbitration agreement was unconscionable; however, no evidence in the record supports such a contention.  Accordingly, Ellis has not met his burden of proving that any defenses to the validity of the contract exist.  For these reasons, we affirm the circuit court's order.

¶14.    **AFFIRMED.**

      **BARNES, C.J., CARLTON AND WILSON, P.JJ., LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.  WESTBROOKS AND McDONALD, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.  SMITH, J., NOT PARTICIPATING.**